MARY HARRIS v. DAVID T. FLAHERTY

No. 8718SC1093

(Filed 3 May 1988)

**Social Security and Public Welfare § 1— day-care benefits for nephew—nephew not part of aunt's family for eligibility purposes—criteria proper**

The Department of Human Resources' denial of petitioner's request for day-care benefits for her nephew because he could not be considered a member of her family unit for eligibility purposes did not violate Title XX of the Social Security Act or the equal protection clauses of the U.S. and N.C. Constitutions, since the DSS eligibility criteria to which petitioner objected provided that children living under the care of individuals not legally or financially responsible for their care should be considered one-person families; these criteria promote and preserve family unity and also prevent abuse by those who have not assumed legal responsibility for children residing with them; and the criteria are intended to foster a fair meting out of the state and federal funds to promote the objectives of the social services programs, and as such are rationally related to the State's legitimate objectives.

APPEAL by petitioner from *Seay, Thomas W., Jr., Judge.* Order entered 17 August 1987 in GUILFORD County Superior Court. Heard in the Court of Appeals 5 April 1988.

This appeal arises out of the Guilford County Division of Social Services' (DSS) denial of petitioner's request for full reduced fee day-care services for her minor nephew. Petitioner appealed the initial decision to Zelda Epley, Chief Hearing Officer of DSS, who affirmed the denial by Order dated 10 March 1987. Ms. Epley's decision constituted the respondent's final decision in this case as respondent had delegated his decision-making authority respecting DSS review of requests for day-care benefits to Ms. Epley. On 13 April 1987, petitioner filed a Petition for Judicial Review in Guilford County Superior Court. By Order dated 17 August 1987, Judge Seay affirmed the decision of the Department of Human Resources, stating in part:

> The Court finds that the definition of the term "related by blood" utilized by the North Carolina Department of Human Resources in the Title II programs, as set out in Section 8100 of the Family Services Manual, is not so arbitrary as to violate any of the rights of the parties to this matter. The agency's findings of fact are supported by the evidence received at the hearing.

The evidence at the initial hearing tended to show that petitioner lived with her 5-year-old daughter and 7-year-old nephew. She earned approximately $821.00 per month and received Aid to Families with Dependent Children (AFDC) benefits of $172.00 per month for her nephew. Although her nephew had lived with her since his infancy, petitioner had never adopted him nor had she become, or made any attempts to become, his legal guardian.

At the time of the hearing, petitioner had already obtained full-time day-care assistance for her daughter which required a payment by petitioner of $68.00 per month. The amount of the payment was determined under DSS eligibility guidelines by which petitioner and her daughter qualified as a "two-person family." Upon application for the same day-care benefits for her nephew, DSS refused to consider the nephew as part of petitioner's family unit and qualified him as a "one-person family." Petitioner was therefore required to pay an additional $3.40 per month for her nephew. Her day-care expenses totalled $71.40

per month instead of $16.80 per month, which would have been required had her nephew been considered a part of her family unit comprising a "three-person" household. The trial court having affirmed the DSS decision, petitioner appealed.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Henry T. Rosser, for respondent-appellee.*

WELLS, Judge.

Our review of administrative agency decisions is pursuant to N.C. Gen. Stat. § 150B-51(b) (1987) and the review standards there set forth.

By her two assignments of error, petitioner contends that the trial court erred in affirming the Department of Human Resources' denial of petitioner's request for day-care benefits because her nephew could not be considered a member of her family unit for eligibility purposes. The denial, she argues, violated (1) Title XX of the Social Security Act (Title XX), and (2) the equal protection clauses under the Fourteenth Amendment of the United States Constitution and Article I, § 19 of the North Carolina Constitution. We disagree with petitioner and affirm the trial court's decision.

The heart of petitioner's appeal lies in her contention that the eligibility guidelines established by the N.C. Department of Human Resources, as administered by DSS, contravene the objectives of Title XX. As part of her argument, petitioner cites to a portion of the enabling federal statute, codified at 42 U.S.C. § 1397 (1982), which provides, in part:

For the purposes of consolidating Federal assistance to States for social services into a single grant, increasing State flexibility in using social service grants, . . .

(1) achieving or maintaining economic self-support to prevent, reduce or eliminate dependency;

(2) achieving or maintaining self-sufficiency, including reduction or prevention of dependency;

(3) preventing or remedying neglect, abuse, or exploitation of children and adults unable to protect their own interests, or preserving, rehabilitating, or reuniting families; . . . .

The eligibility guidelines, of which petitioner complains, are set out at 10 N.C. Administrative Code 35E .0103(c) and provide, in part:

> For purposes of determining income eligibility, an individual's family size and income must be determined.
>
> (1) For purposes of determining family size, family means the basic family unit consisting of one or more adults and children, if any, related by blood, marriage, or adoption and residing in the same household. Where related adults, other than spouses, or unrelated adults reside together, each is considered a separate family. *Children living with non-legally responsible relatives*, emancipated minors, and children living under the care of unrelated persons are also considered to be one-person families. (Emphasis added.)

Consistently, the DSS "Family Services Manual," Vol. VI, Ch. II limits children in the family unit to those who are family or legally related.

### Conditions of Eligibility: Title XX

#### (3) Definition of Family

> For purposes of determining family size, *"family" means the basic family unit consisting of one or more adults and children, if any, related by blood, marriage, or doption, and residing in the same household.*
>
> .   .   .   .
>
> (b) Children living with non-legally responsible relatives, emancipated minors, and *children living under the care of unrelated persons are also considered to be one-person families.*

The foregoing regulations substantially track the previous federal guidelines set out at 45 CFR 1396.1 (1980) where the term "family" for the purposes of Title XX day-care benefits programs was defined, in part: ". . . Emancipated minors and children liv-

ing under the care of individuals *not legally responsible* for that care *may be considered one-person families by the State.*" (Emphasis added.)

.Petitioner argues that part of Congressional intent of Title XX was to provide day-care services for AFDC recipients which would allow parents receiving public assistance the opportunity to work and become self-sufficient thereby removing some financial burdens from the AFDC program. She further contends that the denial of benefits to her nephew inhibits her ability to be self-sufficient by forcing her to pay $54.60 per month more than she would have had to pay if she were considered part of a "three-person" family under the program. As such, she complains, the DSS interpretation of 10 N.C.A.C. 35E .0103, which limits her right to claim her nephew for benefits, contravenes Title XX.

A plain reading of 42 U.S.C. § 1397 reveals Congress' intent to afford the states substantial flexibility in administering state assistance programs. As such, the state is allowed to design eligibility criteria which aid in an efficient administration of the social services programs. The DSS eligibility criteria, by their plain terms, limit benefits to families where the adults are legally and financially responsible for the children. The criteria serve not only to promote and preserve family unity but also to prevent abuse by those who have not assumed legal responsibility for children residing with them.

Given the amount of discretionary flexibility afforded the states by Congress under Title XX and that the eligibility guidelines as interpreted by DSS do promote the objectives of Title XX, it follows that 10 N.C.A.C. 35E .0103(c) does not contravene the federal statute. The DSS definition of "family" or "related by blood" which excludes those minors for whom adult family members are not legally responsible follows the statutory test to determine eligibility. We therefore hold that respondent's determination that petitioner's nephew constituted "one family" under the eligibility guidelines, did not violate or contravene the objectives of Title XX.

Petitioner likewise argues that the DSS definition of "family" violates the equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, § 19 of the North Carolina Constitution. Under the equal protection clauses,

a state statute or regulation, which has the effect of creating separate classifications preferring one group over another, must be rationally related to legitimate state interest(s). *Dunston v. Scott*, 336 F. Supp. 206 (E.D.N.C. 1972). We believe respondent's construction of 10 N.C.A.C. 35E .0103(c) meets this test.

Petitioner complains that respondent's definition creates two classes of people (*i.e.*, those who have been legally adopted or otherwise by the "related adult" and those for whom the adult is not legally responsible), and that the classification is not rationally related to a legitimate state interest. Again, we disagree.

The State (DSS/Department of Human Resources) has several legitimate interests in distinguishing among those eligible to receive day-care benefits as prescribed under 10 N.C.A.C. 35 E. Those interests include ensuring the distribution of funds to the most needy children/families; preventing abuse of the system and an unwarranted depletion of State funds and resources. As the respondent points out in his brief, the ultimate criterion of eligibility is "whether there is some type of legally mandated financial interdependence among those living together." We believe the DSS definition of "family" and the relevant eligibility criterion are intended to foster a fair meting out of the State and Federal funds to promote the objectives of the social services programs and as such are rationally related to the State's legitimate objectives.

For the reasons stated, petitioner's assignments of error are overruled, and the Order of the trial court is

Affirmed.

Judges PARKER and ORR concur.